**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

ROBERT MORSE,

                Plaintiff,

vs.                                          Case No. 2:07-cv-249-FtM-34DNF

UNITED STATES OF AMERICA,

                Defendant.
_____/

# ORDER[1]

**THIS CAUSE** is before the Court on the following: (1) Defendant's Motion to Dismiss and Memorandum in Support (Dkt. No. 3; Motion to Dismiss), filed on April 23, 2007; (2) Plaintiff's Notice of Motion and Motion to Remand (Dkt. No. 8; Motion to Remand), filed on May 4, 2007; (3) Plaintiff's Amended Motion to Remand and Memorandum in Support (Dkt. No. 17; Amended Motion to Remand), filed on August 9, 2007; and (4) Plaintiff's Second Amended Motion to Remand and Memorandum in Support (Dkt. No. 21; Second Amended Motion to Remand), filed on October 4, 2007 (collectively "Motions"). The parties have filed responses in opposition to the Motions. See Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Dkt. No. 10; Response to Motion to Dismiss), filed on May 4, 2007; Defendant's Opposition to Plaintiff's Motion to Remand (Dkt. No. 13; Response to Motion to Remand), filed on May 18, 2007; Defendant's Opposition to Plaintiff's Amended Motion to Remand (Dkt. No. 19; Response to Amended Motion to Remand), filed on August

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

23, 2007; Defendant's Opposition to Plaintiff's Second Amended Motion to Remand (Dkt. No. 22; Response to Second Amended Motion to Remand), filed on October 19, 2007.[2] Accordingly, the Motions are ripe for review.

### I. Procedural History

Plaintiff filed this action for declaratory and injunctive relief against Defendant in the Twentieth Judicial Circuit, in and for Charlotte County, Florida. See generally Notice of Removal (Dkt. No. 1; Notice of Removal), filed on April 23, 2007; Complaint (Dkt. No. 2; Complaint), filed on April 23, 2007. On April 23, 2007, Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1441, 1442, and 1444. See Notice of Removal at 1.

In the Complaint, Plaintiff alleges that the Internal Revenue Service filed a Notice of Federal Tax Lien against all of his real and personal property in the public records of Charlotte County, Florida. See Complaint at 1, Attachment 1. He asserts that the lien is a fraudulent lien under Fla. Stat. § 713.31(2)(b) because he is not liable for any federal taxes and Defendant has failed to establish a foundation for filing the lien. See Complaint at 2. Pursuant to Fla. Stat. § 713.21(4), Plaintiff asks that Barbara T. Scott, the Clerk of the Circuit Court for Charlotte County, Florida ("the Clerk"), issue a summons to Defendant to show cause why its lien should not be cancelled and for the Court to enter an Order canceling the lien and awarding him punitive damages if Defendant fails to show cause. See Complaint

---

[2] On May 22, 2007, Plaintiff filed a reply to the Response to Motion to Remand. See Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion to Remand (Dkt. No. 14; Reply). Local Rule 3.01(c), United States District Court, Middle District of Florida (Local Rule(s)), provides that "[n]o party shall file a reply or further memorandum directed to [a] motion or response . . . . unless the Court grants leave." The Court did not request that Plaintiff file a reply to the Response to Motion to Remand and Plaintiff did not seek permission from the Court to do so. Accordingly, the Reply is **stricken** from the record.

at 2. In addition, Plaintiff seeks a declaration from the Court regarding the rights of the parties and the duties of the Charlotte County Clerk under Fla. Stat. §§ 713.22(2) and 713.901(4). See Complaint at 2-5. Plaintiff contends that, although the lien was rendered "void" and "extinguished" pursuant to Fla. Stat. § 713.22(2) when Defendant failed to initiate an action to enforce the lien within sixty days of receiving notice that he was contesting the lien, the Clerk refused to remove the lien from the public record. See id. at 2-3. Plaintiff also maintains that the Clerk violated Fla. Stat. § 713.901(4) by filing the lien in the public record when it was not certified by the Secretary of the Treasury or other federal official responsible for filing lien notices. See id. at 3-4.[3]

## II.   Motions to Remand

Plaintiff raises the same arguments in his Motion to Remand, Amended Motion to Remand, and Second Amended Motion to Remand. See generally Motion to Remand; Amended Motion to Remand; Second Amended Motion to Remand. He argues that his claims are based solely upon state law and the instant action does not involve a federal question. See Plaintiff's Memorandum in Support of Motion to Remand (Dkt. No. 9; Memorandum) at 2; Amended Motion to Remand at 6; Second Amended Motion to Remand at 6. In addition, he contends that Article V, Section 20(c)(3) of the Florida Constitution provides that the Florida circuit courts have "exclusive original jurisdiction over all cases involving the legality of any tax assessment." See Memorandum at 4. Moreover, Plaintiff asserts that this Court lacks subject matter jurisdiction over the instant action because the

---

[3]   Plaintiff asserts that the United States has waived its sovereign immunity to this action pursuant to 28 U.S.C. § 2410(a). See Complaint at 1.

Declaratory Judgment Act, 28 U.S.C. § 2201, provides that district courts do not have subject matter jurisdiction over actions for declaratory relief involving federal tax questions. See Memorandum at 3; Amended Motion at 4-5, 7; Second Amended Motion to Remand at 3-4.

Defendant responds that jurisdiction is proper under 28 U.S.C. § 1442 because this action involves a federal agency. See Response to Motion to Remand at 2; Response to Amended Motion to Remand at 2-3; Response to Second Amended Motion to Remand at 2-3. Moreover, Defendant notes that an action may be removed under 28 U.S.C. § 1442 even if the district court lacks subject matter jurisdiction over the claims raised in the action. See Response to Motion to Remand at 2; Response to Amended Motion to Remand at 3; Response to Second Amended Motion to Remand at 3. In addition, Defendant contends that this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1340, 1346(a), and 2410. See Response to Motion to Remand at 4; Response to Amended Motion to Remand at 5; Response to Second Amended Motion to Remand at 5-6.

As noted above, Defendants removed the instant action pursuant to 28 U.S.C. §§ 1441, 1442, and 1444. See Notice of Removal at 1. In the Complaint, Plaintiff asserts claims against Defendant arising from the filing of a federal tax lien. See generally Complaint. Thus, Defendant was entitled to remove the instant action pursuant to § 1442(a)(1) which explicitly provides for the removal of a civil action against the United States on account of any right, title or authority claimed under any Act of Congress for the collection of revenue. See 28 U.S.C. § 1442(a)(1); Murrell v. U.S., No. 6:01-cv-986-Orl-19KRS, 2007 WL 1549249, at * 2 (M.D. Fla. May 25, 2007); Korman v. I.R.S., No. 06-81294-

CIV-MARRA , 2007 WL 1206742, at * 3 (S.D. Fla. Feb. 20, 2007), affirmed in part, modified in part, Korman v. I.R.S., No. 06-81294-CIV-MARRA, 2007 WL 1439084 (S.D. Fla. March 27, 2007). While Plaintiff asserts that the Court must remand the instant action to state court because it lacks jurisdiction over the claims raised, the Court notes that § 1442 provides both a right of removal and an independent basis for federal jurisdiction in cases where a district court would otherwise not have jurisdiction.[4]  See Magnin v. Teledyne Continental Motors, 91 F.3d 1424, 1427 (11th Cir. 1996); Korman v. I.R.S., 2007 WL 1206742, at * 3.  Moreover, the Court finds that it has original jurisdiction over this action pursuant to 28 U.S.C. § 1340, which provides that district courts have "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . ." 28 U.S.C. § 1340.  The instant action, which involves a challenge to the validity of a federal tax lien, clearly falls within this Court's original jurisdiction under § 1340.  See Neary v. I.R.S., No. 3:91-CV-06-GET, 1991 WL 341446, at *3 (N.D. Ga. June 28, 1991); Korman v. I.R.S., 2007 WL 1206742, at * 3.

In addition, the Court finds Plaintiff's argument that the Florida Constitution provides Florida circuit courts with "exclusive original jurisdiction" over cases involving the legality of a tax assessment to be without merit.  Article V, Section 20(c)(3) of the Florida Constitution

---

[4] In regard to Plaintiff's claim that this Court lacks subject matter jurisdiction over the instant action because the Declaratory Judgment Act provides that district courts do not have subject matter jurisdiction over actions for declaratory relief involving federal taxes, the Court notes that, even though an action is eligible for removal pursuant to 28 U.S.C. §1442(a)(1), it is still subject to dismissal for lack of subject matter jurisdiction.  See Rankin v. I.R.S., No. 5:01-CV-79-OC10GRJ, 2001 WL 34107044, at *1 (M.D. Fla. May 16, 2001) (noting that "[t]he issue of whether the court has subject matter jurisdiction and the issue of whether there is removal jurisdiction, however, involve separate considerations.").

provides that: "Circuit courts ... shall have exclusive original jurisdiction ... in all cases involving the legality of any tax assessment or toll ... and in all actions involving titles or boundaries or right of possession of real property." As noted in True v. O'Neal, No. 6:00-CV-1288-ORL-28A, 2000 WL 33116541, at * 1 (M.D. Fla. Dec. 4, 2000),

> [e]ven under the highly improbable scenario that the drafters of the Florida Constitution intended to place 'exclusive jurisdiction' involving tax liens in state Court, such provisions in the Florida Constitution would be preempted by 28 U.S.C. § 1442(a)(1) when the named defendant is [the United States]. Acts of Congress that provide this Court with removal jurisdiction cannot be invalidated by state law.

In light of the foregoing, the Court finds that the Motion to Remand, Amended Motion to Remand, and Second Amended Motion to Remand are due to be **denied**.

### III.    Motion to Dismiss

In the Motion to Dismiss, Defendant maintains that the Court lacks subject matter jurisdiction over the instant action and Plaintiff has failed to state a claim upon which relief can be granted. See generally Motion to Dismiss. Defendant argues that dismissal of the instant action is appropriate because the Court lacks subject matter jurisdiction. In support of this contention, Defendant argues that: (1) the United States has not waived sovereign immunity for the claims asserted; (2) the Anti-Injunction Act deprives the Court of jurisdiction to direct the Internal Revenue Service to release the lien; and (3) the Declaratory Judgment Act bars the relief sought by Plaintiff. See id. at 2-5. In addition, Defendant asserts that Plaintiff has failed to state a claim under either 28 U.S.C. § 2410 or Florida law. See Motion to Dismiss at 6-9. In response, Plaintiff reasserts the arguments set forth in the Motion to

Remand, Amended Motion to Remand, and Second Amended Motion to Remand. <u>See</u> <u>generally</u> Response to Motion to Dismiss.

In ruling on a motion to dismiss, the Court "must accept the allegations set forth in the complaint as true," <u>Lotierzo v. Woman's World Med. Ctr., Inc.</u>, 278 F.3d 1180, 1182 (11th Cir. 2002); <u>see</u> <u>also</u> <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508 n.1 (2002), and draw all reasonable inferences in favor of the plaintiff, <u>see</u> <u>Omar ex. rel. Cannon v. Lindsey</u>, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam).  Nonetheless, the plaintiff must still meet some minimal pleading requirements. <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted).  Indeed, while "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1959 (2007)).

Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face," <u>Bell Atlantic</u>, 127 S. Ct. at 1974.  The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 1964-65 (internal quotations omitted); <u>see also</u> <u>Jackson</u>, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal quotations and citation omitted).  Additionally, although <u>pro se</u> pleadings are construed more liberally than those drafted by an attorney, a <u>pro se</u> plaintiff is, nevertheless, required to follow the "minimum pleading standards" set forth in the Federal Rules of Civil Procedure (Rule(s)). <u>See</u> <u>Dismuke v. Fla. Bd. of Governors</u>, No. 8:05-CV-340-T-17TBM,

2005 WL 1668895, at *4 (M.D. Fla. July 8, 2005); see also Jarzynka v. St. Thomas Univ. Sch. of Law, 310 F. Supp. 2d 1256,1264 (S.D. Fla. 2004).

Construing Plaintiff's pro se Complaint liberally, Plaintiff seeks an injunction from the Court for the cancellation of the federal tax lien and/or a declaration that the federal tax lien is invalid. See generally Complaint. However, the Court lacks subject matter jurisdiction to award the relief requested. First, Plaintiff's claim for injunctive relief is barred by the Anti-Injunction Act, 26 U.S.C. § 7421. See Hobson v. Fischbeck, 758 F.2d 579, 580-81 (11th Cir. 1985); Jennings v. U.S., No. 8:07-cv-418-T-30TBM, 2007 WL 3232477, at *2 (M.D. Fla. Nov. 1, 2007); Meyer v. Everson, No. 5:05-CV-518-OC-10GRJ, 2006 WL 2583699, at *4 (M.D. Fla. Sept. 7, 2006). Pursuant to the Anti-Injunction Act, district court lacks jurisdiction over any action that seeks to restrain the assessment or collection of taxes.[5] See 26 U.S.C. § 7421(a). In the instant action, Plaintiff seeks relief from a federal tax lien which is a collection activity. Nevertheless, the Supreme Court has held that a district court may issue an injunction if a plaintiff can show that the government cannot prevail under any circumstances and that an independent basis for equity jurisdiction exists. See Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 7 (1962); Hobson, 758 F.2d at 581; Jennings, 2007 WL 3232477, at * 2. However, this exception to the Anti-Injunction Act is not applicable in the instant case as Plaintiff has not provided any support for his claim that he is not liable for any federal taxes. See generally Complaint. In addition, equitable relief is

---

[5] Although the Anti-Injunction Act lists several exceptions which would permit a district court to grant injunctive relief, none of the exceptions are applicable in the instant case. See 26 U.S.C. § 7421(a); Meyer, 2006 WL 2583699, at *3-4.

not available to Plaintiff because he has the following remedies available to him: (1) he can pay the tax and sue for a refund; or (2) he can file an administrative appeal with the Internal Revenue Service challenging the filing of the lien pursuant to 26 U.S.C. § 6326.[6]  Hobson, 758 F.2d at 581; Jennings, 2007 WL 3232477, at * 2; Franklin v. I.R.S., No. 2:07-cv-23-FtM-29DNF,2007 WL 1831787, at * 3 (M.D. Fla. June 25, 2007).  Second, this Court lacks jurisdiction over Plaintiff's claims for declaratory relief because the Declaratory Judgment Act, 28 U.S.C. § 2201, bars this Court from issuing a declaration regarding a federal tax question.  See 28 U.S.C. § 2201 (providing that "[i]n a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986 . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . .")[7]; Meyer, 2006 WL 2583699, at *3.

In addition, the Court finds that Plaintiff fails to state a claim upon which relief can be granted.  As noted above, Plaintiff seeks the discharge of the tax lien under Fla. Stat. §§ 713.21 and 713.31 and challenges the validity of the federal tax lien under Fla. Stat. §§ 713.22(2) and 713.901(4).  However, Plaintiff cannot seek the cancellation of a federal tax lien or challenge the validity of a federal tax lien on the basis of state law.  See Korman, 2007 WL 1206742, at * 4 (holding that a plaintiff cannot challenge the validity of a federal

---

[6] Additionally, Plaintiff could have challenged the allegedly wrongful assessment by filing a timely suit in tax court under 26 U.S.C. §§ 6212 and 6213.  See Jennings, 2007 WL 3232477, at * 2 n.1; Leves v. I.R.S., 796 F.2d 1433, 1435 (11th Cir. 1986).

[7] Section 7428, which relates to an action seeking a declaration as to whether an organization qualifies as a tax exempt organization under section 501(c)(3), does not apply in the instant case.

tax lien on state law grounds); Murrell, 2007 WL 1549249, at * 3 (noting that federal tax liens may only be discharged pursuant to federal law); Christiansen v. I.R.S., No. 6:01-cv-74-Orl-18KRS, 2001 WL 34113853, at *1 (M.D. Fla. Apr. 16, 2001) (holding that Fla. Stat. § 713.21 does not empower a Court to discharge a federal tax lien because a federal tax lien may only be released pursuant to federal law).[8]  Indeed, the United States Supreme Court has recognized that:

> Federal tax liens are wholly creatures of federal statute.  Detailed provisions govern their creation, continu[]ance, validity and release.  Consequently, matters directly affecting the nature or operation of such liens are federal questions, regardless of whether the federal statutory scheme specifically deals with them or not.

U.S. v. Brosnan, 363 U.S. 237, 240 (1960) (footnote and citation omitted).  In light of the foregoing, the Court finds that the Motion to Dismiss is due to be **granted**.[9]

### IV. Conclusion

1. Plaintiff's Notice of Motion and Motion to Remand (Dkt. No. 8) is **DENIED**.

2. Plaintiff's Amended Motion to Remand and Memorandum in Support (Dkt. No. 17) is **DENIED**.

---

[8] Notably, even if Plaintiff could challenge the validity of the federal tax lien on state law grounds, Fla. Stat. §§ 713.21, 713.22(2) and 713.31 do not apply in the instant case as they relate to construction liens filed by a contractor, subcontractor, sub-sub-contractor, laborer, materialman, or person who performs services as an architect, landscape architect, interior designer, engineer, or surveyor and mapper.  See Tobais v. Two Records of Lien, No. 6:01-CV-579-ORL22KRS, 2001 WL 1871161, at *2 (M.D. Fla. Nov. 13, 2001); Fla. Stat. § 713.01(18).

[9] Because the Court has already established that dismissal is required in the instant case, the Court need not address Defendant's argument that, contrary to Plaintiff's assertion, the United States has not waived its sovereign immunity in the instant case.

10

    3.      Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion to Remand (Dkt. No. 14) is **STRICKEN**.

    4.      Plaintiff's Second Amended Motion to Remand and Memorandum in Support (Dkt. No. 21) is **DENIED**.

    5.      Defendant's Motion to Dismiss and Memorandum in Support (Dkt. No. 3) is **GRANTED**.

    6.      The Clerk of the Court is directed to terminate any pending motions or deadlines as moot and close this file.

    **DONE AND ORDERED** in Chambers, this 4th day of December, 2007.

                                          **MARCIA MORALES HOWARD**
                                          United States District Judge

lc3

Copies to:

Counsel of Record

Pro Se Parties